```
                  IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  ALI JOOBEEN                 )
                                    ) Civil Action
                   Debtor           ) No. 07-CV-2736
                                    ) Bankruptcy No. 06-15749-dws
Appellant:                          )
  ALI JOOBEEN                       )
                                    )
Appellees:                          )
  MICHAEL TSOKAS, Creditor;         )
  CEIL JOOBEEN, Interested Party;   )
  ORANG JOOBEEN, Interested Party;  )
  KELLY CLARK, Interested Party;    )
  WILLIAM C. MILLER, Trustee; and   )
  UNITED STATES TRUSTEE, Trustee    )


          and



In re:  JIAN JOOBEEN, a Minor,      )
  by Ali Joobeen, his guardian      ) Civil Action
  & trustee                         ) No. 07-CV-2737
                                    ) Bankruptcy No. 06-15752-dws
                   Debtor           )
                                    )
Appellant:  KELLY CLARK,            )
     Intervenor                     )
                                    )
Appellees:                          )
  JEFFREY T. GROSSMAN,              )
     Interested Party;              )
  AARON POGACH, Interested Party;   )
  WILLIAM C. MILLER, Trustee; and   )
  FREDERICK BAKER, Trustee          )


          and
```

```
In re:  JIAN JOOBEEN, a Minor,      )
  by Ali Joobeen, his guardian      ) Civil Action
  & trustee                          ) No. 07-CV-2738
                                     ) Bankruptcy No. 06-15752-dws
                  Debtor             )
                                     )
Appellant:  JIAN JOBEEN              )
                                     )
Appellees:                           )
  JEFFREY T. GROSSMAN,               )
    Interested Party;                )
  AARON POGACH, Interested Party;    )
  WILLIAM C. MILLER, Trustee; and    )
  FREDERICK BAKER, Trustee           )
```

## SUPPLEMENTAL OPINION

JAMES KNOLL GARDNER,
United States District Judge

  On March 27, 2008 I entered an Order and accompanying Opinion, filed March 28, 2008, disposing of an appeal by appellants Ali Joobeen, Kelly Clark and Jian Jobeen from the May 23, 2007 Order and accompanying Memorandum Opinion of Chief Judge Diane W. Sigmund of the United States Bankruptcy Court for the Eastern District of Pennsylvania in the within three consolidated cases.  My Order affirmed the Order of Chief Judge Sigmund in part and remanded the matter in part to her for further proceedings consistent with my Opinion.[1]

---

[1] By Order of the District Court for the Eastern District of Pennsylvania the Honorable Stephen Raslavich was designated to serve as Chief Judge of the Bankruptcy Court commencing on March 1, 2008.  He succeeded the Honorable Diane Weiss Sigmund who previously served as Chief Judge of the Bankruptcy Court.  Judge Sigmund remains on the Bankruptcy Court as a United States Bankruptcy Judge.

On April 25, 2008 Debtor-Appellant Ali Joobeen, pro se, filed a Notice of Appeal from Judge Sigmund's and my Orders.  Mr. Joobeen's Notice of Appeal specified that he was appealing:

> from an order of the United States District Court for the Eastern District of Pennsylvania, Bankruptcy No. 06-15749DWS, Civil Action No. 07-CV-2736 (The Honorable Diane W. Sigmund, and The Honorable James Knoll Gardner, presiding on appeal) entered in this case of March 27, 2008 which AFFIRMED:
>
> (i) contempt finding with punitive sanction of preventing him from presenting his case and fine of $50.00 and prohibited communication between appellant and his counsel in a court of law and dismissed his bankruptcy case[2]; and
>
> (ii) by deciding an *in rem* issue without jurisdiction or due process which eliminated legal and contractual rights of appellant by *effectively* setting aside a conveyance and a contract from 2004 entered in lieu of child support settlement; and court purported to rearrange priority of liens without regard to state laws or Rule 7001(7) (which plainly require an adversary proceeding and does not permit adversary priority of liens to be decided by motion practice); and
>
> (iii) refused to consider <u>a lesser sanction than dismissal</u> such as permitting the bankruptcy to stand, (i.e., by determining that although the property 3315 N. Park Avenue was in fact not part of debtor's/appellant's estate and bankruptcy of Ali Joobeen would not provide automatic stay as to that property).  Instead the court directed that any subsequent bankruptcy case filed by any party would not stay proceedings as to 3315 N. Park Ave., Philadelphia, PA. 19140 and dismissed appellant's case for bad faith.  This was error because property had not been part of debtor's estate since early 2004.

(Emphasis, italics and footnote 2 designator in subparagraph (i) in original.)  (See discussion below for the text of footnote 2

contained in the Notice of Appeal.)

Pursuant to Rule 3.1 of the Local Appellate Rules of the United States Court of Appeals for the Third Circuit, I file this Supplemental Opinion to address allegations of error based, in part, upon arguments, and citations of authority, which appellant did not make or cite below.

I addressed allegation of error number (i) in the section headed <u>Disruptive Behavior</u> on pages 29-33 of my original Opinion, which I incorporate here.

Footnote 2 to appellant Ali Joobeen's Notice of Appeal (designated on the last line of subsection (i) on page 3, above) states the following:

> 2.  All circuits have held that a court may not strike an answer or preclude testimony to punish a contempt of court unrelated to the merits of the case.  *See* <u>Hovey v. Elliot</u>, 167 U.S. 409, 413-14, 17 S.Ct. 841, 42 L.Ed. 215 (1897); *Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc.*, 682 F.2d 802, 806 (9th Cir. 1982).  Although a defendant may be contumacious, the court cannot deprive him of the right of defense.  <u>Gordon v. Gordon,</u> 141 Ill. 160, 30 N.E. 446.

The cases cited in the footnote by appellant are inapplicable.  In 1897 the United States Supreme Court held in <u>Hovey v. Elliot</u>, <u>supra</u>, that, consistent with due process, a court may not, in the absence of a hearing, strike a defendant's answer and enter default judgment as a punishment for contempt of court.

Similarly, in <u>Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc.</u>, <u>supra</u>, the United States Court of Appeals for

the Ninth Circuit held that entry of default judgment as a sanction for defendant's deliberate deception to the court regarding his availability for trial was inconsistent with due process.  Phoceene Sous-Marine was a patent and trademark infringement, trade secrets, and unfair competition case.  The district court had entered a default judgment against individual defendant Samuel G. Lecocq for fraudulently obtaining a trial continuance by forging his doctor's name to a telegram sent to the court, without the doctor's knowledge or consent, stating that Mr. Lecocq must refrain from activity which would result in physical or mental stress.

Citing Hovey v. Elliot, supra, the Ninth Circuit held that default may not be entered as a sanction for a party's deception where that deception relates only to a peripheral matter not at issue in the suit.  The Court reasoned that Mr. Lecocq's deception related not to the merits of the controversy but rather to the "peripheral matter" of whether Lecocq was in fact too ill to attend trial.  682 F.2d at 806-807.

Moreover, the United States Supreme Court subsequently limited Hovey in Hammond Packing Company v. Arkansas, 212 U.S. 322, 349-354, 29 S.Ct. 370, 379-381, 53 L.Ed. 530, 544-546 (1909).  There the Supreme Court held that the entry of default was a permissible sanction for the defendant's failure to comply with a court Order to produce documents.

Additionally, in 1892 the Supreme Court of Illinois held in <u>Gordon v. Gordon</u>, <u>supra</u>, in the context of a divorce action, that a default judgment of divorce could not be imposed against the defendant as a sanction for violating a court Order to pay temporary alimony.

The <u>Gordon</u> court reasoned that a rule denying a defendant a right of defense, solely upon the ground that he had failed to pay a "moneyed decree" in a divorce proceeding would be inappropriately harsh.  The Illinois Supreme Court stated that if the trial court had the power to strike out the answer, it necessarily had the power to refuse to hear any evidence in support of the defendant's answer.  "When the answer was stricken out, the foundation for the defendant's defense was gone."  141 Ill at 163-164, 30 N.E. at 447-448.

The holding in <u>Hovey v. Elliot</u> is inapplicable because in the instant case neither the bankruptcy court nor the district court denied the debtor-appellant a hearing, struck his answer, or entered a default judgment.

The holding in <u>Phoceene Sous-Marine</u> is inapplicable because no default was entered as a sanction on a peripheral matter.  Here, the bankruptcy court's bad faith determination was based upon facts introduced in the record and was central to the court's determination on the merits.  It was separate and

distinguishable from the bankruptcy court's equally appropriate sanction for appellant's contumacious courtroom behavior.

The holding in Gordon is equally inapplicable because the bankruptcy court did not strike the debtor-appellant's answer or other pleadings, strike his evidence or arguments, or eradicate appellant's case or defense.

In short, none of the cases cited by appellant addresses the contumacious conduct and the award of sanctions which characterized the bankruptcy court proceedings below. Appellant Ali Joobeen did not receive an adverse judgment without a hearing.  To the contrary, appellant received his two sanctions, a $50 fine and removal from the witness stand (which precluded appellant from offering further testimony), in the context of two evidentiary hearings conducted by Chief Judge Sigmund, and affirmed by me after oral argument.  The bankruptcy court's May 23, 2007 Memorandum Opinion clearly articulated that the bad faith determination which was central to its finding on the merits, was based upon the evidence contained in the record, and was not a sanction for appellant's contumacious courtroom behavior.

Thus, appellant was offered a full opportunity to litigate his claims, an opportunity which he squandered by his inappropriate behavior, and the bankruptcy court did not enter any adverse default judgment against him.  Therefore, the cases

cited by appellant, two of which are not binding in this jurisdiction, have no application to the within matter.

        Regarding appellate issue (ii):  Because I concluded that the bankruptcy court was correct in finding that appellant Ali Joobeen filed both his own Chapter 13 bankruptcy case and his son Jian's case in bad faith, Chief Judge Sigmund was empowered to grant in rem relief.  Moreover, I remanded the matter to the bankruptcy court to, among other things, clarify the scope of the in rem relief granted.

        Neither Chief Judge Sigmund, nor I, set aside any conveyance.  All we did in that regard was to eliminate appellant's use of the bankruptcy court as a mechanism to interfere with the Pennsylvania state court proceedings whenever a creditor of appellant Ali Joobeen would take an adverse action against him in state court.  See the section headed <u>Bad Faith</u> on pages 21-24 of my Opinion, which I incorporate here.

        To the extent that the in rem issue articulated by appellant Ali Joobeen in appellate issue (ii) was raised before me, I addressed it in the section headed <u>Prospective In Rem Relief</u> on pages 18-20 of my Opinion, which I incorporate here.

        To the extent that appellant Ali Joobeen raised the arguments contained in appellate issue (iii) in the proceedings before me, I have disposed of them in the sections headed <u>Prospective In Rem Relief</u> on pages 18-20 of my Opinion and <u>Bad</u>

<u>Faith</u> on pages 21-24.  These issues are also partly addressed in the <u>Imputation of Bad Faith</u> section on pages 24-26 and the <u>Minor's Petition</u> section on pages 26-29.  I incorporate each of those sections here.

In sum, appellate issue (i) is adequately addressed in my original Opinion.  Issue (ii) does not address any action actually taken by the bankruptcy court or by me.  Issue (iii) is related to the merits of my bad faith and imputation of bad faith determinations, portions of which I ordered remanded to the bankruptcy court for clarification.[2]

In part, Mr. Joobeen is raising appellate issues not actually reached by the bankruptcy court, and not raised before me in his bankruptcy appeal.  These waived issues include his arguments concerning (1) child support settlement; (2) re-arranging priority of liens; (3) "state laws or Rule 7001(7)" which "require an adversary proceeding and does not permit adversary priority of liens to be decided by motion practice"; and (4) the Park Avenue, Philadelphia, property not having been part of the debtor's estate since early 2004.

As indicated above, all of the alleged errors raised in appellant Ali Joobeen's Notice of Appeal have been either correctly decided in my March 27, 2008 Order and accompanying

---

[2] See the May 6, 2008 Order Amending Order of May 23, 2007 and accompanying Memorandum Opinion filed May 6, 2008 by United States Bankruptcy Judge Diane Weiss Sigmund providing the clarifications requested in my remand Order of March 28, 2008.  See also Fed.R.Bankr.P. 8017(a).

Opinion (through affirmance of Chief Judge Sigmund's Order or remand to her) or waived because they were not raised in the original appeal, or are irrelevant because the bankruptcy court correctly concluded that they were filed in bad faith.

Finally, I wish to correct certain minor typographical errors contained in my Opinion filed March 28, 2008 as enumerated in footnote 3 below.[3]

BY THE COURT:

/s/   James Knoll Gardner
James Knoll Gardner
United States District Judge

Date:  May 14, 2008

---

[3]   In the original Opinion on page 6, lines 8-9: change "Based upon the its determination that Ali is a serial bad faith filer, the bankruptcy court also concluded" to "Based upon its determination that Ali is a serial bad faith filer, the bankruptcy court also concluded".

In the Opinion on page 17, lines 1-3: change "bankruptcy court's factual finding supporting a bad faith determination will not be set aside unless they are clearly erroneous." to "bankruptcy court's factual findings supporting a bad faith determination will not be set aside unless they are clearly erroneous."

In the Opinion on page 32, line 15:  change "Judge Sigmund Removed Ali from the witness stand" to "Judge Sigmund removed Ali from the witness stand".

In the Opinion on page 37, lines 19-20:  change "Appellants have been afforded multiples opportunities to take advantage of their rights under the Bankruptcy Code." to "Appellants have been afforded multiple opportunities to take advantage of their rights under the Bankruptcy Code."